IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERIC LAMAR ENGLISH        :

   v.                 :   Civil Action No. DKC 16-2745

SANTANDER CONSUMER USA    :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case are (1) a motion (ECF No. 16) filed by Defendant Santander Consumer USA ("Defendant") to strike the answer and counterclaim filed by Plaintiff Eric English ("Plaintiff") (ECF No. 15); (2) a motion to amend its answer and counterclaim, filed by Defendant (ECF No. 17); (3) two motions to compel discovery information, filed by Defendant (ECF Nos. 18; 21); (4) a motion to amend the scheduling order and extend discovery, filed by Plaintiff (ECF No. 20); and (5) a motion for summary judgment, filed by Defendant (ECF No. 24). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Defendant's motion to amend its counterclaim, motions to compel, and motion for summary judgment will be denied. Defendant's motion to strike will be granted. Plaintiff's motion to amend the scheduling order will be granted.

**I.   Background**[1]

Defendant provided automobile financing to Plaintiff through Toyota of Bowie in December 2015.  (ECF No. 24, at 1).  Plaintiff contends that he sent a cashier's check to Defendant for the full remaining amount of his loan on March 19, 2016.  (ECF No. 1 ¶ 1).  Defendant maintains that Plaintiff failed to make a single payment on the loan.  (ECF No. 24, at 2).  In May 2016, Defendant repossessed Plaintiff's vehicle.  (ECF No. 7 ¶ 2).

Plaintiff brought the instant dispute on August 2, alleging that Defendant stole the cashier's check that he sent, illegally repossessed his vehicle, and violated the Fair Debt Collections Practices Act ("FDCPA") and the Truth in Lending Act by continuing to pursue the debt it believed Plaintiff owed.  (ECF No. 1).  Defendant filed its answer on October 20, along with counterclaims for fraud and breach of contract.  (ECF No. 7).  The court issued a scheduling order on October 31, requiring that initial disclosures be served by November 14 and that all depositions and other discovery be completed by March 15, 2017.  (ECF No. 11).  As discussed below, it appears Plaintiff has failed to provide initial disclosures or respond to any of Defendant's discovery requests.

---

[1] Unless otherwise noted, the facts outlined here are undisputed.

**II. Defendant's Motion to Strike**

Under Fed.R.Civ.P. 8(b)(1) a party is required to "state in short and plain terms its defenses to each claim asserted against it" and to "admit or deny the allegations asserted against it by an opposing party" in its answer. In his answer to Defendant's counterclaim, Plaintiff argues that he is "not legally obligated to address this claim" because Defendant did not respond to his debt validation letter in May of 2016, which he alleges was a violation of the FDCPA. (ECF No. 15, at 1-2). Any violations of the FDCPA will be resolved on the merits in this litigation. Although *pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), Plaintiff must still abide by the Federal Rules of Civil Procedure in this court. Therefore the court will strike Plaintiff's answer, and he will be instructed to file a new responsive pleading. Plaintiff should admit or deny the numbered allegations Defendant has asserted against him and state his defenses to Defendant's claims in compliance with Rule 8(b)(1).[2]

---

[2] Plaintiff also included a "counterclaim" in his answer, in which he references the "Consumer Rights Act of 2015" and "Fraud and Unfair Business Practices." (ECF No. 15, at 2-3). To the degree that Plaintiff seeks to raise new claims, he may seek leave to amend his complaint to do so. The court notes,

**III. Discovery-Related Motions**

Plaintiff also appears not to have taken part in any discovery. Defendant has filed a motion to compel Plaintiff to provide initial disclosures (ECF No. 18) and a motion to compel Plaintiff to respond to requests for production and interrogatories (ECF No. 21). Under Fed.R.Civ.P. 37(a), a party may move to compel discovery if the other party (1) "fails to make a disclosure required by Rule 26(a)," (2) "fails to answers an interrogatory submitted under Rule 33," or (3) "fails to produce documents . . . as requested under Rule 34."[3] Plaintiff responded to Defendant's motion to compel initial disclosures by arguing that he has been unable to respond because of a "severe financial hardship and the lack of monetary resources." (ECF No. 19, at 1). He has filed a motion to amend the scheduling order. (ECF No. 20, at 1). A scheduling order may be modified "for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). In Plaintiff's motion, he further explains that, at

---

however, that the Consumer Rights Act of 2015 appears to be a British law, and that the "Fraud and Unfair Business Practices" section of the counterclaim seeks information about Defendant's conduct and may be better suited for discovery.

[3] Rule 37(a)(1) also requires that the motion to compel "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Defendant states that it sent letters to Plaintiff after the pertinent discovery deadlines had expired requesting disclosures, documents, and interrogatory responses, but that Plaintiff never responded. (ECF Nos. 18 ¶ 3; 21 ¶ 4).

the time of the scheduled discovery, he was unemployed, without a bank account, and dependent on family to cover his food costs and other expenses. (ECF No. 20, at 1). He states that he is now employed, however, and that he intends to provide his initial disclosures and to seek the advice of an attorney. (ECF Nos. 19, at 2; 20, at 2). In response to Plaintiff's motion to modify the scheduling order, Defendant maintains that it does not object to a reasonable modification of the schedule, but asks that Plaintiff first be required to provide responses to Defendant's outstanding discovery requests. (ECF No. 23).

Defendant has also filed a motion for summary judgment premised on Plaintiff's failure to respond to its requests for admission, which qualify as admissions under Fed.R.Civ.P. 36(a)(3) (ECF No. 24). Rule 36(a)(3) states that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection." Subsection (b), however, provides that admissions under Rule 36(a) may be withdrawn or amended on a motion by the party that fails to respond "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."

In light of Plaintiff's *pro se* status, his apparent financial difficulties, and the court's preference to resolve

cases on the merits, Plaintiff's motion to extend discovery will be granted. Plaintiff will have fourteen days to provide his initial disclosures and discovery will be extended for sixty days, during which Plaintiff must respond to Defendant's discovery requests and may serve his own requests. Plaintiff is encouraged to submit discovery requests quickly so as to allow Defendant time to respond to any requests without further extension of the deadline. Defendant's motions to compel will be denied without prejudice to bringing them again should Plaintiff fail to meet the amended schedule. Plaintiff's motion to extend the scheduling order will also be construed as a motion to withdraw his admissions, and Defendant's motion for summary judgment will therefore similarly be denied without prejudice.

**IV. Defendant's Motion for Leave to Amend**

Finally, Defendant moves for leave to amend its counterclaim to add a count seeking a declaration that Plaintiff's debts to it were not discharged in Plaintiff's 2016 bankruptcy proceedings. (ECF No. 17). Defendant argues that it can show that Plaintiff did not include it on his bankruptcy schedule and that it therefore had no notice of Plaintiff's bankruptcy case. It further argues that it will be able to show that Plaintiff's debt was non-dischargeable under 11 U.S.C. § 523(a)(2).

Although "failure to receive notice of the bankruptcy is probably sufficient" cause to reopen a case on a motion by a creditor, *see In re Mutts*, 131 B.R. 306, 307 (Bankr.E.D.Va. 1991) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950)), bankruptcy code dictates that a case should be "reopened *in the court in which such case was closed*." 11 U.S.C. § 350(b); *see also* Fed.R.Bankr.P. Rules 4007(a); 5010. Local Rule 402 also directs that, "[p]ursuant to 28 U.S.C. § 157(a), all cases under Title 11 of the United States Code and proceedings arising under Title 11 or arising in or related to cases under Title 11 shall be deemed to be referred to the bankruptcy judges of this District." Defendant should therefore bring any action related to the bankruptcy court proceedings in that court in the first instance.

**V. Conclusion**

For the foregoing reasons, Defendant's motion to amend its counterclaim, motion for summary judgment, and motions to compel will be denied. Defendant's motion to strike will be granted. Plaintiff's motion to amend the scheduling order will be granted. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge